UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAMARA LOVE,<br><br>      Plaintiff,<br><br> v.<br><br>KAISER PERMANENTE, et al.,<br><br>      Defendants. | CASE NO. 2:23-cv-00421-LK<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND GRANTING PLAINTIFF LEAVE TO AMEND |

   This matter comes before the Court on Defendant Kaiser's motion to dismiss pro se Plaintiff Tamara Love's complaint for failure to state a claim, Dkt. No. 21, and Ms. Love's cross motion for summary judgment, Dkt. No. 29. Ms. Love has sued her former employer, Kaiser Permanente,[1] along with Jamie Coleman, Dr. John Dunn, and Erika Martinez (collectively, "Defendants") for discriminating against her, creating a hostile work environment, and denying her breaks. Dkt. No. 7 at 1, 4, 6–7. For the reasons set forth below, the Court grants Defendants' motion, denies Ms. Love's motion, and grants Ms. Love leave to amend her complaint.

---

[1] Kaiser avers that Kaiser Permanente and Kaiser Permanente Employer Health Plan of Washington are incorrectly named in the complaint; the correct entity is "Kaiser Foundation Health Plan of Washington." Dkt. No. 21 at 5 n.1.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND GRANTING PLAINTIFF LEAVE TO AMEND - 1

## I. BACKGROUND

Ms. Love was an employee with Kaiser until her employment was terminated on June 28, 2022. *Id.* at 6. She does not specify her job title, but her duties apparently included handling calls from members in a customer service role. *Id.*[2]

In June 2022, Ms. Love answered a call from a member's representative seeking a refund of a "premium over payment from a member[']s account." Dkt. No. 7 at 6. The caller "started screaming" at Ms. Love "that the bank was not able [to] stop the transfers and was told to call insurance." *Id.* Ms. Love attempted to contact her supervisor, Jamie Coleman, to deescalate the situation but Coleman "would not take the supervisor call." *Id.* Supervisor Erika Martinez later reviewed a recording of the call and notified Ms. Love that her treatment of the caller did "not meet Kaiser Permanente standards." *Id.*

In a meeting with Martinez and Coleman on June 28, 2022, Ms. Love was notified that she "was fired." *Id.* Her termination letter explained that she was "rude and insulting" to the caller by threatening to end the call and repeatedly asking the caller, "What language do you speak?" despite speaking with the caller in English without difficulty for approximately 12 minutes. Dkt. No. 21 at 19. Ms. Love's actions violated Kaiser's code of conduct, and she expressed no remorse. *Id.*

Ms. Love was instructed to return her work-issued computer that day; Ms. Love responded that she "was sick" and Kaiser could either send someone to pick it up or wait for her to return it. Dkt. No. 7 at 6. She contends that her supervisor "became hostile[,] called for the equipment and sent emails demanding that [she] return the equipment," but she was "not well enough to bring in the computer equipment until July 11, 2022." *Id.* at 6–7.

---

[2] Kaiser refers to patients who join its organization as members. Dkt. No. 21 at 6 n.2.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND GRANTING PLAINTIFF LEAVE TO AMEND - 2

Ms. Love filed suit against Defendants on March 19, 2023. Dkt. No. 1. She asserts claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e-17, as well as unspecific claims under Title 29 of the Code of Federal Regulations and the California Civil Code. Dkt. No. 7 at 3. She alleges that Defendants "violated [her] rights under federal and state law by denying [her] breaks, . . . disrupting the work environment with sexually motivated conduct[,]" failing to assist her "with abusive and racially abusive phone calls[,] . . . using sexual situations [as] a determine[]ing factor for monetary compensation[,] . . . using gender and or race as a determination of care[,]" and "brutally" firing her after she took time off when she "was sick" on June 24 and 27, 2022. *Id.* at 4, 6. Ms. Love also states that she received letters from Dr. Dunn in December 2021 and June 2022 reminding her to call her provider for a cervical cancer screening. *Id.* at 7. She "was not offered a[n] annual physical or wellness exam. But a cervical cancer screening." *Id.* Ms. Love contends that "[t]hese actions by the defendants violated [her] rights and could not be anything other than discrimination based on race and sex." *Id.* She is seeking $10 million in punitive or exemplary damages plus other damages. *Id.* at 4.[3]

Kaiser filed a Rule 12(b)(6) motion to dismiss all claims arguing that the complaint "falls far short of pleading any viable claims" and "fails to present basic and necessary facts to support [Ms. Love's] allegations." Dkt. No. 21 at 5. Ms. Love then filed a document she titled in the docket as a Second Motion for Judgment, which was not a motion but rather a filled out civil judgment form indicating the relief she seeks in the case. Dkt. No. 23. Ms. Love also filed a document that she titled in the docket as a Third Motion to Amend Second Motion for Judgment. Dkt. No. 24. Ms. Love captioned that filing as an "Amended Complaint" and declared "I am amending my

---

[3] Defendants note that Ms. Love has not served the individual Defendants, Dkt. No. 21 at 15 n.4, and there is no proof of service in the record. The Court reminds Ms. Love that she is responsible for serving all Defendants as required by Federal Rule of Civil Procedure 4, and the failure to do so may result in dismissal of all claims against unserved Defendants, even if she files an amended complaint stating a claim against them.

complaint" without complying with Rule 15 of the Federal and Local Rules of Civil Procedure. *Id.*[4] The Court denied both motions without prejudice and reminded Ms. Love that July 3, 2023 was the deadline to amend her complaint and respond to Defendants' motion to dismiss. Dkt. No. 25.

On July 8, 2023, after her deadline to respond to the motion to dismiss had passed, Ms. Love filed documents that she titled in the docket as a Cross Motion and Response re [Defendants'] Motion to Dismiss. Dkt. Nos. 27, 27-1. The Court removed the "cross motion" from its motions calendar because the filing was not a cross motion, did not request relief from the Court, and included only an email string and document titled General Release of Liability. Dkt. No. 28. Ms. Love then filed a Motion for Summary Judgment or Order for Scheduling, requesting summary judgment on her claims that Kaiser discriminated against her based on her race and sex, denied her breaks, and created a "hostile and violent workplace[.]" Dkt. No. 29 at 1. She also contends that Defendants "continue[] to mock [her] civil rights and abuse the system" regarding her application for unemployment compensation benefits. *Id.*[5]

## II.   DISCUSSION

The Court first considers the applicable scope of the record and Ms. Love's untimely response to the motion to dismiss. The Court next considers each of Ms. Love's claims. Finally, it evaluates whether to grant her leave to amend.

---

[4] Even if the Court were to construe Ms. Love's improperly filed "Amended Complaint," Dkt. No. 24, as the current operative pleading, it would not change the result because that filing does not state a claim.

[5] Because Ms. Love's complaint does not include any allegations regarding her unemployment compensation application, she is not entitled to summary judgment on that unpled claim and the Court does not consider it further. *See, e.g.*, *Wolf v. Univ. Prof. & Tech. Emps., Commc'ns Workers of Am. Local 9119*, No. C19-02881WHA, 2020 WL 6342934, at *4 (N.D. Cal. Oct. 29, 2020) (explaining that plaintiff is "bound by his complaint" and "[s]linking in a new claim in his summary judgment motion cannot serve as a substitute to amending his complaint.").

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND GRANTING PLAINTIFF LEAVE TO AMEND - 4

A.   **The Scope of the Record**

Defendants request that the Court consider Ms. Love's termination letter because the document is incorporated by reference in the complaint. Dkt. No. 21 at 6 n.3; *id.* at 19–21. "Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). However, a court "may consider evidence on which the complaint 'necessarily relies' if (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (explaining that the court may treat such a document as part of the complaint). The "mere mention of the existence of a document is insufficient to incorporate the contents of a document," *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010), and a document that "merely creates a defense to the well-pled allegations in the complaint" generally should not be incorporated by reference because it "did not necessarily form the basis of the complaint." *Khoja*, 899 F.3d at 1002.

Ms. Love's termination letter satisfies all three elements. Her complaint explicitly refers to her termination letter. Dkt. No. 7 at 6 ("See certified letter from Kaiser Headquarters in California RE: Employment Termination."). The letter is central to her allegations that Defendants wrongfully terminated her employment because she disagrees with the stated basis in the letter for her discharge. *Id.* And no party questions the authenticity of the letter. The Court therefore considers it as incorporated by reference, but notes that declining to consider the letter would not change the result.

The Court also considers Ms. Love's untimely response to Defendants' motion to dismiss, even though she filed it nearly two weeks after the deadline to do so. Dkt. No. 29-2 at 9. The Court considers the late filing because doing so does not prejudice Defendants or delay resolution of the

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND GRANTING PLAINTIFF LEAVE TO AMEND - 5

matter and Ms. Love is proceeding pro se.[6] However, Ms. Love is reminded, for the third time, that all litigants, including those proceeding pro se, are "expected to abide by the rules of the court in which [they] litigate[ ]." *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986); *see also* Dkt. Nos. 12, 25 (prior reminders). Ms. Love is also reminded that any response to a motion must be captioned in the docket as a "Response" and not embedded within another filing as she did here. Dkt. No. 29-2 at 9 (embedding her one-page response in a 126-page document docketed as "Proposed Judgment FACTS"); *see also* LCR 7(b)(2); Electronic Filing Procedures for Civil and Criminal Cases, Amended Mar. 27, 2023, at p. 8 ("Documents being submitted in response to, in support of, or in opposition to other documents shall be clearly labeled with the reference to the other document included in the caption.").[7] The Court also considers the documents Ms. Love filed with her motion for summary judgment, even though she has not properly authenticated them. Dkt. Nos. 29-2–29-3. When reviewing a motion for summary judgment, the Court may "consider admissible evidence," *Weil v. Citizens Telecom Servs. Co., LLC*, 922 F.3d 993, 998 (9th Cir. 2019), as well as "unauthenticated evidence . . . if the evidence can 'be presented in a *form* that would be admissible' at trial," *Harlow v. Chaffey Cmty. Coll. Dist.*, 2022 WL 4077103, at *1 (9th Cir. Sept. 6, 2022) (emphasis in original) (quoting Fed. R. Civ. P. 56(c)(2)).

**B.    Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a complaint "fail[s] to state a claim upon which relief can be granted." Under this standard, the Court construes the

---

[6] Ms. Love contends that she was unable to respond to the motion to dismiss without discovery. Dkt. No. 29-2 at 9. However, she does not specify what information she lacks, and more fundamentally, she should be able to state the basis for her own claims without needing discovery. Fed. R. Civ. P. 8(a)(2) (requiring the complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief").

[7] The Court's Electronic Filing Procedures are available on the Court's website here: https://www.wawd.uscourts.gov/sites/wawd/files/ECFFilingProcedures.pdf (last accessed Oct. 4, 2023).

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND GRANTING PLAINTIFF LEAVE TO AMEND - 6

complaint in the light most favorable to the nonmoving party, *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005), and asks whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court need not, however, accept as true legal conclusions or "formulaic recitations of the elements of a cause of action." *Chavez v. United States*, 683 F.3d 1102, 1008 (9th Cir. 2012) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Summary judgment is appropriate only when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court does not make credibility determinations or weigh the evidence at this stage. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The sole inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. And to the extent that the Court resolves factual issues in favor of the nonmoving party, this is true "only in the sense that, where the facts specifically averred by that party contradict facts specifically averred by the movant, the motion must be denied." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

The Court will, however, enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party has carried its burden under Rule 56, "the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec*.

*Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (cleaned up). Metaphysical doubt is insufficient, *id.* at 586, as are conclusory, non-specific allegations, *Lujan*, 497 U.S. at 888–89.

**C.    Ms. Love Has Not Stated a Title VII Claim**

To allege a prima facie case of race or sex discrimination under Title VII, a plaintiff must show that (1) she is a member of one or more protected classes, (2) she was qualified for the position, (3) she experienced an adverse employment action, and (4) similarly situated employees who were not in the protected class were treated more favorably. *Crowe v. Wormuth*, 74 F.4th 1011, 1035 (9th Cir. 2023).

Ms. Love has not identified her race or any similarly situated employee who was treated better than she was. She alleges that someone—presumably Dr. Dunn when he sent the cancer screening reminders—"us[ed] gender and or race as a determination of care," Dkt. No. 7 at 4, but she provides no nexus between that allegation and her employment. Nor has she demonstrated that she was satisfactorily performing her job. Rather, her complaint indicates that she was accused of mistreating a caller in violation of Kaiser's standards. *Id.* at 6; *see also* Dkt. No. 21 at 19–21. Accordingly, Ms. Love has not stated a discrimination claim or established her entitlement to summary judgment.

In addition, because "civil liability for employment discrimination does not extend to individual agents of the employer who committed the violations, even if that agent is a supervisory employee," Ms. Love's Title VII claim against the individually named Defendants cannot proceed. *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1189 (9th Cir. 1998) (citing *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587–88 (9th Cir. 1993)). Therefore, Ms. Love's Title VII claim against the individual Defendants is dismissed with prejudice and without leave to amend.

**D.     Ms. Love Has Not Stated a Disability Discrimination Claim**

Although Ms. Love's complaint alleges discrimination based only on sex and race, the Court assumes, as do Defendants, that she may be alleging a disability discrimination claim based on her allegation that she was "brutally fired" after she requested "time off for an illness." Dkt. No. 7 at 6. Both the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101 *et seq.*, and the Washington Law Against Discrimination ("WLAD"), Wash. Rev. Code § 49.60 *et seq.*, prohibit employers from discriminating against employees based on a disability. *Poe v. Waste Connections US, Inc.*, 371 F. Supp. 3d 901, 908–09 (W.D. Wash. 2019); 42 U.S.C. § 12112(a); Wash. Rev. Code § 49.60.180(3). To prevail on a disability discrimination claim premised on an alleged wrongful termination, a plaintiff must establish that (1) she is a person with a disability within the meaning of the statute; (2) she is qualified—i.e., she is able to perform the essential function of the job with or without reasonable accommodation; and (3) she was discharged because of the disability. *Mayo v. PCC Structurals, Inc.*, 795 F.3d 941, 944 (9th Cir. 2015); *Poe*, 371 F. Supp. 3d at 909 (noting that the same elements apply under the ADA and WLAD). An individual is disabled under the first prong if she has a physical or mental impairment that substantially limits one or more of her major life activities; she has a record of such an impairment; or she is regarded as having such an impairment. *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004) (citing 42 U.S.C. § 12102). Ms. Love does not allege facts to show that she is a person with a disability, and she has thus failed to state a claim for disability discrimination. *See Vopnford v. Wellcare Health Plans*, No. C16-1835-JLR, 2017 WL 3424964, at *11 (W.D. Wash. Aug. 8, 2017) (dismissing ADA claim for failure to allege a disability or state a claim).

Nor has Ms. Love stated a claim that Kaiser failed to accommodate her. To prevail on a failure to accommodate claim under either the ADA or the WLAD, a plaintiff must show, among other things, that the employer had notice of the disability and failed to reasonably accommodate

the employee. *See McDaniels v. Grp. Health Co-op.*, 57 F. Supp. 3d 1300, 1314 (W.D. Wash. 2014). Here, Ms. Love has not stated facts to show that she had a disability, that Kaiser knew about it, or that it failed to reasonably accommodate her. Accordingly, she has not stated a claim for disability discrimination or failure to accommodate.

### E. Ms. Love Has Not Stated a Hostile Work Environment Claim

To prevail on a hostile work environment claim, plaintiffs must prove that (1) they were subjected to verbal or physical conduct because of a protected characteristic; (2) the conduct was unwelcome; and (3) the conduct was so severe or pervasive as to alter the conditions of employment and create an abusive environment. *See Manatt v. Bank of Am.*, 339 F.3d 792, 798 (9th Cir. 2003).

Although Ms. Love alleges that Defendants "disrupt[ed] the work environment with sexually motivated conduct" and failed to assist her "with abusive and racially abusive phone calls," Dkt. No. 7 at 4, she does not provide any details in support of these assertions. The one call described in the complaint, when a caller screamed at Ms. Love about a payment issue, does not appear to have any connection to her race or gender. *Id.* at 6. The complaint also fails to provide any details about the allegations regarding "sexually motivated conduct" in the work environment, "sexual situations" being a "determin[]ing factor for monetary compensation," or her supervisor's determination "that [she] should have given money to a representative based on 'their' sexual status to member." *Id.* Ms. Love's conclusory allegations are insufficient to sustain a hostile work environment claim or show that she is entitled to summary judgment on this claim.

### F. Ms. Love Has Not Stated a Claim Regarding Missed Breaks

Ms. Love contends that Defendants violated her rights by denying her a break. *Id.* However, she does not provide further details or tie that allegation to any legal obligation or claim.

Accordingly, she has not stated a claim on this issue or established her entitlement to summary judgment.

The complaint alleges a violation of California's Civil Code, and it is possible that Ms. Love intended that code to be the source of her missed break claim. Defendants request that any claim under the California Civil Code be dismissed with prejudice because "[i]t is not clear how any of the individual or corporate defendants violated the California Civil Code as nothing in the Complaint involves California or otherwise could give rise to a claim under California law." Dkt. No. 21 at 15. The Court does not perceive any connection between Ms. Love's claims and California law either, but at this stage, the Court will allow Ms. Love to amend as set forth below.

### G.     Ms. Love May File an Amended Complaint

Defendants argue that Ms. Love should not be granted leave to amend because her complaint could not be cured by amendment. Dkt. No. 21 at 16. Rather, they claim, "it is evident from her allegations and attachments that her employment was terminated based upon improper conduct with a member on a phone call." *Id.* However, Federal Rule of Civil Procedure 15(a)(2) directs district courts to "freely give leave when justice so requires." As the language of the rule suggests, the standard for leave to amend is "very liberal," *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006), because "the underlying purpose of Rule 15 [is] to facilitate [a] decision on the merits, rather than on the pleadings or technicalities," *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (cleaned up). Accordingly, a district court should grant leave to amend even when, as here, no request to amend the pleading was made, "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND GRANTING PLAINTIFF LEAVE TO AMEND - 11

clear that the deficiencies of the complaint could not be cured by amendment." (quotation marks omitted)).

Here, it is possible that Ms. Love's complaint could be cured by the allegation of additional facts. Therefore, the Court will permit Ms. Love an opportunity to cure the deficiencies identified above with the exception of a Title VII claim against the individual defendants, which would be futile.

If Ms. Love elects to file an amended complaint, the Court reminds her that she must produce "a short and plain statement of [her] claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Her pro se status does not excuse compliance with this basic requirement. *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107–08 (9th Cir. 2000) (explaining that the lenient pleading standard does not excuse a pro se litigant from meeting basic pleading requirements); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (although the court has an obligation to liberally construe pro se pleadings, it "may not supply essential elements of the claim that were not initially pled." (quoting *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982))). Rule 8(a)'s standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Ms. Love must therefore do more than broadly allege discrimination. To avoid dismissal, her claims must have "facial plausibility"; that is, her complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

If Ms. Love chooses to file an amended complaint as set forth below, she must include all relevant facts in the amended complaint instead of expecting the Court to comb through her exhibits in search of potentially relevant facts. *See French v. Wash. State Dep't of Health*, No. C15-0859JLR, 2017 WL 368271, at *3 (W.D. Wash. Jan. 25. 2017) (plaintiff "may not attach a

large number of exhibits to her complaint with the expectation that the court will read the exhibits and extract the necessary factual pieces to construct a cognizable claim on [plaintiff's] behalf." (cleaned up)); *see also* Dkt. No. 29-2 (126-page document Ms. Love docketed as "Proposed Judgment Facts"). The Court recommends that Ms. Love review this District's Pro Se Guide. *See* W.D. Wash., Pro Se Guide to Filing Your Lawsuit in Federal Court (revised September 2023), https://www.wawd.uscourts.gov/sites/wawd/files/ProSeGuidetoFilingYourLawsuitinFederalCourt.pdf. Finally, Ms. Love is reminded that an amended complaint will supersede the original complaint, so any amended complaint must include all of her allegations rather than merely supplementing her original complaint. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (noting the "well-established doctrine that an amended pleading supersedes the original pleading").

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss, Dkt. No. 21, and DENIES Ms. Love's motion for summary judgment, Dkt. No. 29. Ms. Love is granted leave to amend and must file her amended complaint, if any, within 21 days of the date of this Order. Failure to file an amended complaint will result in dismissal of this case with prejudice.

Dated this 12th day of October, 2023.

Lauren King
United States District Judge