UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAMARA LOVE,<br><br>           Plaintiff,<br>    v.<br><br>KAISER PERMANENTE et al.,<br><br>           Defendants. | CASE NO. 2:23-cv-00421-LK<br><br>ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND TO CONSOLIDATE |

This matter comes before the Court on Plaintiff Tamara Love's Motion for a New Trial, Relief from Judgment and to Consolidate. Dkt. No. 55. For the reasons set forth below, the Court denies the motion.

## I.    BACKGROUND

Ms. Love was hired by Defendant Kaiser in 2021 and worked for the Medicare Member Service Department handling calls from Medicare recipients. Dkt. No. 33 at 7. Kaiser terminated Ms. Love's employment on June 28, 2022 because her treatment of a caller did not meet Kaiser's standards. *Id.* at 8–9; *see also* Dkt. No. 21 at 19–21.

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND TO CONSOLIDATE - 1

Ms. Love filed suit against Kaiser in March 2023. Dkt. No. 1. Later that year, the Court granted Kaiser's motion to dismiss her complaint for failure to state a claim, denied Ms. Love's motion for summary judgment, and granted Ms. Love leave to file an amended complaint. Dkt. No. 32 at 13.

In her second amended complaint, Ms. Love asserted claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*; and an unspecified provision of the California Civil Code. Dkt. No. 33 at 3. Ms. Love subsequently filed a motion to amend her complaint again to add the Washington Employment Security Department ("ESD") as a Defendant, Dkt. No. 37, and Kaiser filed a motion to dismiss the second amended complaint, Dkt. No. 38.

On May 7, 2024, the Court issued an order denying Ms. Love's motion to file a third amended complaint and granting Kaiser's motion to dismiss the second amended complaint. *See generally* Dkt. No. 45. Judgment was entered on May 8, 2024. Dkt. No. 46. Ms. Love appealed, Dkt. No. 47, and the Ninth Circuit Court of Appeals affirmed the judgment on September 25, 2025, Dkt. No. 53.

On December 22, 2025, Ms. Love filed this motion for relief from the judgment and to consolidate this action with a separate case she filed against ESD, *Love v. State of Washington Emp. Sec. Dep't*, No. 3:25-cv-05714-LK (W.D. Wash. 2025). Kaiser opposes the motion. Dkt. No. 56.

## II.    DISCUSSION

Ms. Love argues that the Court applied an "incorrect" standard in dismissing her case. Dkt. No. 55 at 3; *see also* Dkt. No. 57 at 2 ("Dismissing the claim in its entirety for a deficiency in pleading of the other statutory claims is an error."). Ms. Love seeks to reopen this case under Rules

59, 60, and 61, and to consolidate it with her other case under Rule 42. Dkt. No. 55 at 2. Kaiser responds that none of the rules Ms. Love cites "provide a valid basis for reopening this case or consolidating it with another matter." Dkt. No. 56 at 1–2.

Although Ms. Love does not cite a specific subsection of Rule 60, she seems to be arguing that the Court made a mistake of law and so relief is warranted under Rule 60(b)(1). *See Marroquin v. City of Los Angeles*, 112 F.4th 1204, 1216 (9th Cir. 2024) (explaining that "a district court should consider a Rule 60(b) motion under the subsection that most naturally applies to the motion's substance, regardless of the label used"); *see also Kemp v. United States*, 596 U.S. 528, 530 (2022) (errors of law are "mistakes" under Rule 60(b)(1)). A motion for relief from judgment under Federal Rule of Civil Procedure 60(b) "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment[.]" Fed. R. Civ. P. 60(c)(1). However, Ms. Love filed her motion more than 19 months after this Court entered judgment. *See* Dkt. Nos. 46, 55. Because the motion was filed "more than a year after the entry of the judgment," the Court may not review her request under Rule 60(b)(1). Fed. R. Civ. P. 60(c)(1); *see also Icho v. Hammer*, 434 F. App'x 588, 589 (9th Cir. 2011) ("If a [Rule] 60(b)(1) motion is untimely, the district court lacks jurisdiction to consider the merits of the motion.").

Even if the Court also considers the motion under the catch-all provision in Rule 60(b)(6), the Court must still determine whether the motion was "made within a reasonable time[.]" Fed. R. Civ. P. 60(c)(1); *see also Kemp*, 596 U. S. at 533 ("All [Rule 60(b) motions] must be filed 'within a reasonable time.'"). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981). As discussed, Ms. Love filed this motion more than 19 months after the Court entered judgment, and she provides no reason for the delay.

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND TO CONSOLIDATE - 3

Therefore, the Court denies her request under Federal Rule of Civil Procedure 60(b)(6) as untimely. *See, e.g.*, *Palmer v. Milnor*, No. 19-0961-LK, 2024 WL 4466046, at *2 (W.D. Wash. Oct. 10, 2024) ("[Petitioner] filed this motion more than two years after the Court dismissed his case. . . . The motion is therefore untimely."); *Renteria v. Lizarraga*, No. CV 16-1568 RGK (SS), 2018 WL 6164258, at *3 (C.D. Cal. May 23, 2018) ("Petitioner has neither alleged nor demonstrated that circumstances beyond his control prevented him from filing his Motion in a reasonable time, let alone that such circumstances were sufficiently extraordinary to justify a nineteen-month delay[].").

Even if her motion were timely, Ms. Love fails to show that relief is warranted on the merits under Rule 60(b)(6). She reiterates her prior arguments that her termination was wrongful, Dkt. No. 55 at 4; Dkt. No. 57 at 2, but repeating arguments previously made does not constitute an "extraordinary circumstance" justifying relief from judgment. *Maraziti v. Thorpe*, 52 F.3d 252, 255 (9th Cir. 1995). Nor is her disagreement with the merits of the Court's prior order a proper ground for seeking relief under Rule 60(b)(6). *See, e.g.*, *Segui v. Stromfors*, No. CV-24-01171-PHX-DGC, 2025 WL 3062677, at *3 (D. Ariz. Nov. 3, 2025) ("[A] Rule 60(b)(6) motion does not give a party the opportunity to re-litigate its case after the court has rendered a decision, nor is it a second opportunity for the losing party to make its strongest case or to dress up arguments that previously failed." (citation modified)). Ms. Love is not entitled to relief under Rule 60.

Under Rule 59(e), a party may move for an amended judgment within 28 days after entry of judgment. Fed. R. Civ. P. 59(e). Because more than 19 months have passed since the Court entered judgment, Dkt. No. 46, Ms. Love's motion is untimely under that rule. In addition, Rule 59(a)—regarding grounds for a new trial—is inapplicable because no trial occurred. *See, e.g.*, *Farris v. Shinn*, No. CV-23-08002-PCT-JAT, 2025 WL 886915, at *2 (D. Ariz. Mar. 21, 2025)

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND TO CONSOLIDATE - 4

("Because there has been no trial in this matter, a Rule 59(a) motion for new trial is inappropriate." (citation omitted)).

Ms. Love also cites Rule 61, Dkt. No. 55 at 2, but she does not explain its applicability here. Fed. R. Civ. P. 61 ("Unless justice requires otherwise, no error in admitting or excluding evidence—or any other error by the court or a party—is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order."). The relevance of that rule is not apparent, and the Court will not make Ms. Love's arguments for her. *See Clark v. Sweeney*, No. 25-52, 2025 WL 3260170, at *1 (U.S. Nov. 24, 2025) ("To put it plainly, courts call balls and strikes; they don't get a turn at bat." (citation modified)); *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court."). In sum, Ms. Love is not entitled to relief from the judgment or to reopen her case. That being so, the Court denies as moot her request to consolidate this closed case with her other case.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES Ms. Love's Motion for a New Trial, Relief from Judgment and to Consolidate. Dkt. No. 55.

Dated this 3rd day of February, 2026.

Lauren King
United States District Judge

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND TO CONSOLIDATE - 5